UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RONALD DEAN WALTON, § | | |
| TDCJ # 624405, § | | |
| § | | |
| **Plaintiff** § | | |
| v. § | | Civil Action |
| § | | No. SA-10-CA-60-NSN |
| WARDEN DAWN F. GROUNDS, ET AL., § | | |
| § | | |
| **Defendants** § | | |

# MEMORANDUM DECISION

Before the Court is Plaintiff Ronald Dean Walton's Amended 42 U.S.C. § 1983 Civil Rights Complaint (Docket Entry # 40) and Defendants' Motion for Summary Judgment (Entry # 52). This Memorandum Decision is entered pursuant to 28 U.S.C. § 636(c) and the consent of the parties. (*See* Entries ## 9, 11, 37, 38.)

## I.

Plaintiff Walton is in the custody of the Texas Department of Criminal Justice's (TDCJ's) Alfred D. Hughes Unit in Gatesville, Texas. Walton's Amended § 1983 Complaint alleges his sleep is interrupted several times each night when officers turn on the overhead lights to conduct a prisoner count and when the PA system is used to call prisoners to breakfast or to work, to notify prisoner's the "pill window" is open or clean laundry is being distributed, etc., and because of this "[p]risoners rarely get more than three hours of uninterrupted sleep per night." The Unit warden has instructed officers not to use the overhead lights at night, however, plaintiff alleges the officers have ignored this. Walton alleges these interruptions deprive him of sleep and adversely affect his health in violation of his Eighth Amendment rights. Walton contends sleep deprivation can cause high blood pressure and stress. Walton sues Warden Dawn Grounds, Assistant Wardens Kenneth L. Dean and

Devery Mooneyham, Major Fred C. Tadlock, and Corrections Officer Richard G. Eckers seeking declaratory and injunctive relief and damages. This Court granted Walton's in forma pauperis (IFP) application.

Defendants move for summary judgment contending: the lights and use of the PA system at the Hughes Unit do not subject prisoners to cruel and unusual punishment; the Hughes Unit administration does not permit use of the overhead lights after 11:00 p.m.; the wardens are not liable for their subordinates; Walton failed to show any injury relating to the matters he complains of; and defendants are entitled to qualified immunity.

## II.

For the reasons that follow, Walton's allegations are not sufficient to state a non-frivolous civil rights claim and he seeks monetary relief from immune Defendants, and therefore his claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Furthermore the record shows no material issue of fact for trial and Defendants are entitled to judgment as a matter of law, and thus Defendants are entitled to summary judgment. *See* Fed. R. Civ. P. 56(c).

### - A -

Section 1915(e)(2)(B)(i)-(iii) requires this Court to dismiss an IFP complaint if the court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or because plaintiff seeks damages against an immune defendant. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and

"labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A conclusory complaint, one that fails to refer to material facts, may be dismissed as frivolous, *see e.g. Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992), *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988), or for failure to state a claim, *see Rios v. City of Del Rio*, 444 F. 3d 417, 426 (5th Cir.), *cert. denied*, 549 U.S. 825 (2006).

To proceed under § 1983 the plaintiff must show the violation of his constitutional or other federal rights. *Daniels v. Williams*, 474 U.S. 327, 329-31, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). General grievances that do not implicate constitutional rights are not a basis for a § 1983 civil rights claim. A prison official may be liable under the Eighth Amendment for deliberate indifference to prison health and safety conditions only if he knows an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To establish an Eighth Amendment violation regarding conditions of confinement, an inmate must establish: first, the alleged deprivation was sufficiently serious to result in the denial of "the minimal civilized measure of life's necessities," such as the denial of food, clothing, shelter, protection, or medical care; and second, the prison official possessed a sufficiently culpable state of mind. *Herman v. Holiday*, 238 F. 3d 660, 664 (5th Cir. 2001). To satisfy the objective component "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). The case and controversy requirement of Article III of the Constitution requires that to proceed in federal court a civil rights complaint must allege an injury, *see O'Shea v. Littleton*, 414

U.S. 488, 493-95, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974), that is more than trivial or de minimis, *see Siglar v. Hightower*, 112 F. 3d 191, 193-94 (5th Cir. 1997).

Walton's allegations fail to allege a non-frivolous civil rights claim.  The Fifth Circuit has held intermittent disruptions to prisoners' sleep due to lights or noise without any injury does not amount to cruel and unusual punishment in violation of the Eighth Amendment and such allegations do not state a non-frivolous civil rights claim.  *See Reyes v. McEachern*, 123 Fed. App'x 150, 151 (5th Cir. 2005); *Atkinson v. Johnson*, 74 Fed. App'x 365, 367 (5th Cir. 2003); *Craft v. Johnson*, 69 Fed. App'x 657 (5th Cir. 2003); *Johnson v. Scott*, 31 Fed. App'x 836 at *2 (5th Cir. 2002); *Lacy v. Collins*, 1995 WL 535114, No. 95-20033 at *4 (5th Cir., Aug. 8, 1995).  Walton states sleep deprivation can cause hypertension and stress, however he does not allege he suffers these conditions.  Walton has not alleged an actionable injury and consequently has failed to state a non-frivolous claim.

Furthermore, in *Chavarria v. Stacks*, 102 Fed. App'x 433, 435 (5th Cir. 2004), the Fifth Circuit held the constant illumination of a TDCJ prison unit at night was a reasonable security measure and thus not arbitrary or wanton, and did not violate the Eighth Amendment.  If the constant illumination of a unit does not violate the Eighth Amendment then a fortiori the intermittent illumination of a unit to conduct a security check does not violate the Eighth Amendment.  According to Walton's own allegations the sleep interruptions serve valid security and administrative purposes, i.e. conducting prisoner counts, calling prisoners to breakfast or work, notifying prisoners meds and clean laundry are being distributed, etc., and thus are not arbitrary or wanton.  Walton claims TDCJ can adopt less intrusive policies, however this does not make TDCJ's policies arbitrary.  *See Talib v. Gilley*, 138 F. 3d 211, 215 n.4 (5th Cir. 1998).

The facts Walton alleges do not support a civil rights claim, and thus he failed to state a claim. Furthermore, because he failed to present a legal or factual basis for a claim, his Amended Complaint is frivolous.

- B -

A party is entitled to summary judgment pursuant to Fed. R. Civ. P. 56(c) where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A party against whom summary judgment is sought may not rest on the allegations or denials of his pleadings, but must come forward with sufficient evidence to demonstrate a "`genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute concerning a material fact is "genuine" and sufficient to overcome a summary judgment motion "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When presented with a motion for summary judgment a plaintiff must present evidence in support of his claims, and incompetent, subjective, or conclusory sworn allegations are not sufficient to meet this burden. *See Hall v. Thomas*, 190 F. 3d 693, 696 (5th Cir. 1999) ("[a prisoner's] subjective complaints, unsupported by evidence, are insufficient to defeat . . . summary judgment"); *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F. 3d 319, 324 (5th Cir. 1998) (affidavits stating legal conclusions without reference to material facts are not competent); *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F. 2d 220, 225 (5th Cir. 1991) (affidavits setting forth "ultimate or conclusory facts and conclusions of law" not competent). Summary judgment may be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden

of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Defendants' summary judgment evidence establishes: The Hughes Unit has more than 2,900 prisoners. To make the most efficient use of the facilities, some inmates work during the night and morning, and meals and medical care are provided twenty-four hours. A prisoner count is conducted every four hours and after 11:00 p.m. the Hughes Unit officers have been instructed to conduct the prisoner counts using flashlights or night-lights, and not to use the overhead lights except in an emergency. In response to complaints concerning the use of the overhead lights during early morning prisoner counts, the Hughes Unit administration sent supervisors e-mails on November 17, 2008 and February 24, 2009 to remind their officers that flashlights or night-lights were to be used during the nightly counts; since then the Hughes Unit administration has received only one grievance concerning use of the overhead lights. The PA system is used throughout the day and night to call offenders to meals or to work, to announce a prisoner count, to call for medical assistance or maintenance requests, etc. Defendants acknowledge the PA system is used to call some prisoners to the medical unit at 2:30 a.m. for distribution of medicines and are called to breakfast at 3:00 a.m., however this is necessary to accommodate prisoners who work the early morning shift. Ear plugs are available from the commissary for prisoners who are bothered by these announcements. Defendants' summary judgment evidence demonstrates the interruptions to prisoners' sleep at the Hughes Unit are a necessary inconvenience and are not "extreme deprivations;" furthermore these interruptions serve valid administrative purposes and are not malicious or wanton; and thus these interruptions do not violate the Eighth Amendment.

Walton's unsworn response to Defendants' summary judgment motion (Entry # 53) contends that prisoner counts are conducted more than every four hours and the Hughes Unit officers turn on the overhead lights during these counts. Walton's response is not sworn and is not competent evidence. *See* Fed. R. Civ. P. 56(e). Furthermore, even if the Hughes Unit officers are turning on the overhead lights and prisoner counts are conducted more often than every four hours as Walton alleges in his response, Walton failed to demonstrate this amounts to cruel and unusual punishment. *See Chavarria v. Stacks*, 102 Fed. App'x at 435. Walton states that sleep deprivation may cause hypertension and stress, but he fails to present any evidence he suffers from these conditions or that such conditions are the result of sleep deprivation. Walton has no basis for a civil rights claim absent an injury. Moreover, if Walton is sensitive to light and noise, he fails to explain why he cannot simply use eye shades and ear plugs. Walton also submits the statement of offender Keith Jordan which states he is subjected to "severe sleep deprivation" but furnishes no facts to support such a claim; the Jordan statement is unsworn and conclusory, and thus is not competent evidence. *See* Fed. R. Civ. P. 56(e). Walton also submits the statement of Luis Rodriguez which states the corrections officers use the overhead lighting to conduct prisoner counts, however the statement fails to state whether these incidents occurred during the day or night, when these incidents occurred, or how often they occurred. *See id.* Walton also submits the statement of Anders Benander which states the Hughes Unit officers use dimmed lights, i.e. night-lights, to conduct the nightly prisoner count, and thus this statement supports the Defendants' position. Defendants' evidence shows no basis for an Eighth Amendment violation, and Walton failed to present competent evidence sufficient to create a material issue of fact; and therefore there is no material issue for trial, and Defendants are entitled to summary judgment.

- C -

Supervisory officials may be liable for the conduct of a subordinate only if they "affirmatively participate in acts that cause constitutional deprivation" or "implement unconstitutional policies that causally result in plaintiff's injury." *Baker v. Putnal,* 75 F. 3d 190, 199 (5th Cir. 1996). Walton failed to allege or offer proof Warden Grounds, Assistant Wardens Dean or Mooneyham, or Major Tadlock violated his constitutional rights or were responsible for policies that violated his constitutional rights. Therefore Walton failed to state a non-frivolous claim against these Defendants and they are entitled to summary judgment.

- D -

Qualified or good faith immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Determination of qualified immunity claims require a court to examine: whether the facts a plaintiff alleges or has shown make out a constitutional violation; and whether the constitutional right allegedly violated was "clearly established" at the time the events in question occurred. *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815-16, 172 L. Ed. 2d 565 (2009). Where a plaintiff fails to show the violation of a constitutional right or the right was "clearly established" at the time, the public official is protected by qualified immunity. *Id.* at 820-23. Where a qualified immunity defense is raised, to overcome the defense the complaint must allege facts, not bald allegations or legal conclusions, that if proven, would demonstrate the defendant violated clearly established statutory or constitutional rights. *See Wicks v. Mississippi State Emp't Servs.*, 41 F. 3d 991, 994-95 (5th Cir.), *cert denied*, 515 U.S. 1131 (1995). Defendants

in their individual capacities have invoked qualified immunity and Walton failed to allege particular facts or introduce evidence sufficient to show the violation of Walton's clearly established constitutional rights, and thus Defendants are entitled to qualified immunity.  *See id.*

### III.

Accordingly, Defendants' Motion for Summary Judgment (Docket Entry # 52) is **GRANTED** and Plaintiff Walton's Amended § 1983 Civil Rights Complaint (Docket Entry # 40) is **DISMISSED WITH PREJUDICE**.  Furthermore, Walton's Complaint is **DISMISSED pursuant to § 1915(e)(2)(B)(i)-(iii) as frivolous, for failure to state a claim, and because he seeks monetary relief from immune defendants**.  All other pending motions are **DENIED** as moot.

**The Clerk of Court shall send a copy of this Memorandum Decision and the Judgment in this case to the Pro Se Staff Attorney, Attn.: Keeper of the "Three Strikes List," U.S. District Court for the Eastern District of Texas for the Tyler Division, 211 West Ferguson, Tyler, Texas 75702, so this case may be recorded in the "Three-Strikes List."**

**SIGNED** on February 11, 2011.

          */s/ Nancy Stein Nowak*
          NANCY STEIN NOWAK
          UNITED STATES MAGISTRATE JUDGE